(25 Misc. Rep. 234.)

## VAN BENSCOTEN v. SEAMAN.

(Supreme Court, Special Term, New York County. November, 1898.)

FRAUD—PLEADING—COMPLAINT.

    A complaint averred that defendant, with intent to defraud plaintiff and induce him to give defendant the face value of two drafts drawn by defendant on M., fraudulently stated that M. was executor of the estate of defendant's uncle, and that defendant was receiving several thousand dollars annually as income therefrom, and also fraudulently represented that he was the senior member of a certain firm; that plaintiff, in reliance on such statements, paid defendant the full amount of said drafts; that the representations were false, and defendant knew it; that defendant had no property, and was not receiving any income from his uncle's estate; that the said defendant had no interest in the firm; and that, although duly demanded, no part of the money advanced has been paid to plaintiff. *Held* to state a cause of action for fraud.

Action by Webster Van Benscoten against Charles H. Seaman. Defendant demurs. Demurrer overruled.

Robert L. Turk, for plaintiff.
Henry Cooper and Manning & Lyon, for defendant.

DALY, J. Demurrer to second cause of action in the complaint, which alleges that the defendant, with intent to cheat and defraud the plaintiff, and to induce him to give the defendant the face value of two drafts drawn by defendant on D. W. Morey to plaintiff's order, fraudulently stated to plaintiff that one Morey was executor of the estate of defendant's uncle, and that defendant was receiving several thousand dollars annually as income from said estate, and also fraudulently represented that defendant was the senior member of a certain firm, which was the proprietor of a certain livery boarding stable; that plaintiff, in reliance upon such statements, paid to defendant the full amount of said drafts; that the representations were false, and known by defendant to be so; that defendant at none of the times mentioned had any property, and was not receiving any income from his uncle's estate; that the said stable was not owned by any firm in which defendant had any interest, and that he was not the proprietor thereof, and had no interest therein; and that,

although duly demanded, no part of the money advanced has been paid to the plaintiff. The demurrer is on the ground that there is no allegation that the drafts would not have been honored, if presented; that the action is premature, being brought before presentation; that there is no allegation that defendant's firm had no property; and that insolvency of the drawer does not excuse demand and protest. The objections are not sound. It is apparent from the allegations of the complaint that the plaintiff understood, and defendant intended that he should believe, that the drafts were drawn against a certain fund or income derivable from a certain estate; and when it is positively alleged that the representation of the existence of such income was false and fraudulent, and that there was no such income or fund, and, furthermore, that defendant had no property whatever, the plaintiff was not bound to resort to the draft, nor to present it (Dollfus v. Frosch, 1 Denio, 367), and a cause of action for damages for fraud is set forth. The action is not upon the drafts, but for the fraud.

Judgment for plaintiff on the demurrer, with costs. Leave to defendant to answer on payment of costs. Ordered accordingly.